UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:  
MYRNA J. EAKES

    DEBTOR(S)

CASE NUMBER:  
08-07929-8-ATS  
CHAPTER 13

MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

NOW COMES, the Trustee in the above referenced Chapter 13 case and moves the Court for entry of an Order confirming the Plan in this case, and as to the extent modified by this Motion. In support of this Motion, the Trustee says unto the Court the following:

1. That the Debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. §341 and submitted to an examination under oath by the Trustee on FEBRUARY 18, 2009 or has (have) supplied answers to written interrogatories;

2. The Debtor(s) has/have complied with all requirements of 11 U.S.C. §521(a)(1)(B) and Interim Bankruptcy Rules 1007 and 4002(b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521(i).

3. There are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4. The analysis of this Plan has been performed by the Trustee, as evidenced by Exhibit "A" attached hereto, and the Trustee is of the opinion that the Plan meets the requirements of 11 U.S.C. §1325;

5. The Debtor(s) shall pay to the Trustee, beginning on the first day of the first month after this case was filed, monthly payments of: 57 MONTHS @ $85.00 or until all required claims have been paid in full and the unsecured creditors have received an amount sufficient to satisfy the requirements of §1325(a)(4). The obligation to make such payments, however, shall cease upon payment to the Trustee of a sum sufficient to pay in full: (A) allowed administrative priority claims, including specifically the Trustee's commission and attorneys' fees and expenses ordered by the Court to be paid to the attorney for the Debtor(s), (B) allowed secured claims (including but not limited to arrearage claims), excepting those which the confirmed plan or subsequent order of this court provide shall be paid directly by the Debtor(s) rather than by the Trustee, (C) allowed unsecured priority claims, (D) if the confirmed plan or subsequent order so provides, a consumer debt of the Debtor(s) on which an individual is obligated with the Debtor(s), (E) post-petition claims allowed under §1305, and (F) the dividend, if any, required to be paid to non-priority, general unsecured creditors (and not including priority unsecured creditors) under §1325 (b)(1)(B), and (G) the amount necessary to pay creditors to satisfy the liquidation test of §1325 (a)(4). The Trustee shall disburse such funds pursuant to the terms of the confirmed plan and subsequent orders of the court. The amounts to be paid to the Trustee under the confirmed plan and subsequent orders of the court must be paid to the Trustee before a discharge may be entered;

6. The Plan establishes a minimum pool of funds to be paid to the Trustee by the Debtor(s) called the "Unsecured Pool," as provided for in 11 U.S.C. §1325 (b)(1)(B). The Plan establishes the Unsecured Pool in this case as $. General unsecured creditors shall receive their *pro rata* portion of funds in the Unsecured Pool;

7. In this case, it is necessary that general unsecured creditors receive $3,410.00 to satisfy the requirements of §1325(a)(4) (commonly known as the "liquidation test"). If a dollar amount is specified herein which pays less than all such claims in full, those holding such claims shall receive their *pro rata* portion of such amount.

8. If an amount is specified in ¶ 6 which must be paid to general unsecured creditors, and if there is an amount specified in ¶ 7 which must be paid to general unsecured creditors, the larger of the two amounts shall be the amount distributed to unsecured creditors.

9. Generally, and subject to orders entered hereafter by this Court, any claim proof of which is not filed before on or before MAY 19, 2009 shall be disallowed. Claims of governmental units, proofs of which are not filed before MAY 11, 2009 shall be disallowed.

10. Scheduled claims, proofs of which are not timely filed, or which claims are disallowed, are subject to being discharged if the Debtor(s) complete the Plan, except as specifically provided by law. The liens of creditors which will not be paid in full during the term of the Plan, or which are to be paid directly by the Debtor(s), are not affected by the confirmation of this Plan, except as provided in paragraph 9 below;

11. The claims of the following secured creditors shall be paid in the amount set out below. The amount shown has been adjusted to account for any adequate protection payments(s) paid to the creditor by the Trustee in accordance with Local Rule 3070-1(b) prior to the date of this motion, and a similar adjustment shall be made should any additional adequate protection payments be disbursed by the Trustee prior to the confirmation of the Plan. All adequate protection payments are applied to reduction of the principal amount of the creditor's claim. With respect to claims listed below for which the terms of repayment are listed as: "Direct" or "Outside" or similar language regarding the payment of a claim under this Plan, such language means that the Debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties to the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief. With respect to claims for which the collateral is described as "Arrears," the amount thereby shown as pre-petition arrears shall be cured through plan payments made by the Debtor(s) in the manner set forth under the heading "Repayment." The lien of each such creditor shall survive the discharge(s) of the Debtor(s), provided that upon payment to the creditor of the allowed arrearage claim, shown below (or as changed by a timely filed and allowed claim or amendment to claim or order of this Court), the Debtor(s) shall be deemed to be current under the terms of the debt as of the petition date. With respect to claims listed below for which the terms of repayment are listed as: "Surrender," upon entry of an Order confirming the plan, as modified by this Motion the automatic stay of 11 U.S.C. §362(a) shall thereupon be lifted and modified with respect to such property "for cause" under 11 U.S.C. §362(d)(1), as allowed by Local Rule 4001-1(b). If "Scheduled" appears next to or below "Amount," below, such notation indicates that no claim has been filed by or on behalf of the Creditor. In accordance with 11 U.S.C. §502, no disbursements may be made to a creditor who does not hold an allowed claim which requires the timely filing of a proof of claim pursuant to and in accordance with 11 U.S.C. §501, Federal Rules of Bankruptcy Procedure 3001, 3002, and 5005, Interim Bankruptcy Rule 3002, as modified and adopted by this Court, and Local Rules 3001-1(b), 3004-1 and 5005-1 through 5005-4(12). Should an objection to a claim be filed, the Trustee may reserve payments on such claim pending entry of a final order resolving such objection. The amount shown as "monthly payment" is the average amount the creditor will receive each month during the life of the plan. Numerous variables (such as payment of attorneys fees, the timing of the preparation and filing of this Motion, the filing of claims after confirmation, the timing of payments made to the Trustee, etc.) make determination of an exact monthly payment to be disbursed each month impossible. The creditor's allowed claim will be paid within the term stated.

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| 1- HSBC Auto | 07 Kia | $16,000.00 SCHEDULED AMT. | TO BE PAID DIRECT NO POC FILED |
| 3- Retail Services | Statutory Lien | $4,300.00 SCHEDULED AMT. | TO BE PAID DIRECT NO POC FILED |
| 7- Wells Fargo Fin. | Furniture | $531.56 - Secured | 6.00% int. within 57 months ($10.74 per mo.) |
| | | $715.53 - Unsecured | See Paragraphs 5 & 7 |
| 8- Wells Fargo Home | DOT - 5406 Picket Fence | $139,900.00 SCHEDULED AMT. | TO BE PAID DIRECT NO POC FILED |
| 23- State Empl. Cu | Right of Set-Off | $26.06 - Secured | 6.00% int. within 57 months ($10.00 per mo.) |
| | | $18,498.72 - Unsecured | See Paragraphs 5 & 7 |

12. The following creditors have filed secured proofs of claim, but, due to the value placed on the collateral, the claims will be treated as unsecured and paid with other unsecured claims;

| Creditor | Collateral | Present Value | Repayment Rate/Term |
|---|---|---|---|

NONE

13. The treatment of claim indicated in paragraphs 9 and 10 above is based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;
14. The following executory contracts and unexpired leases shall be either assumed or rejected as indicated below:

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|

NONE

15. Priority claims shall be paid in full over the term of the Plan;
16. That confirmation of this Plan will be without prejudice to pending Motions for Relief From the Automatic Stay and will be without prejudice to objections to claim and avoidance actions;
17. That confirmation of the Plan vests all property of the estate in the Debtor(s), provided, however, that upon confirmation, and hence such vesting, the automatic stay of 11 U.S.C. §362(a) shall be re-imposed as to any and all property with respect to which such vesting would otherwise effect the lifting of the automatic stay under 11 U.S.C. §362(c)(3)(A). Should any creditor object to the foregoing, then the property related to such creditor's claim or the subject of such objection shall not vest in the Debtor(s), but shall remain property of the bankruptcy estate of the Debtor(s), until the earliest of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied to the Debtor(s);
18. That the attorney for the debtor(s) is requesting fees in the amount of $1,850.00. The Trustee recommends to the Court a fee of $1,850.00. If the recommended fee is different from that requested, an explanation can be found in Exhibit "A".

DATED: March 6, 2009

/s/ John F. Logan
John F. Logan
Standing Chapter 13 Trustee
NC State Bar No. 12473
PO Box 61039
Raleigh, NC  27661-1039

REVISED 08-31-06

EXHIBIT "A"

NAME OF DEBTOR(S): MYRNA J. EAKES     CASE NUMBER: 08-07929-8-ATS

| EMPLOYMENT: | Debtor: | | GROSS INCOME: |
|---|---|---|---|
| | | NC Dept. of Corrections | $ 800 |
| | | Social Security | $1,300 |
| | | Pension/Retirement Income | $1,200 |
| | | Family Assistance | $ 56 |

BUSINESS:     NON-BUSINESS: X

Prior Bankruptcy Cases: Yes: X    No:
If so, Chapter filed: 7    Disposition: filed 11/10/08 and converted to Chapter 13 1/1/09

Real Property: (Brief Description: Ex - H&L, mobile home, etc)
Description:    Townhouse - 5406 Picket Fence

| | | | |
|---|---|---|---|
| FMV | $157,900 | Date Purchased | |
| Liens | $139,900 | Purchase Price | $ |
| Exemptions | $ 18,000 | Improvements | $ |
| Equity | $ -0- | Insured for | $ |
| Rent | $ -0- | Tax Value | $ |

Tenants by Entirety: Yes ( )    No (X)

COMMENTS:

Attorney Fees:
Requested:     $1,850 (excluding filing fee)
Paid:     $1,500 (excluding filing fee)
Balance:     $ 350

Trustee's Recommendation: $1,850
Comments: Richard L. Cannon, III

Plan Information: After 341            Payout % After 341

| Total Debts | $68,887 | Pay in | $*(Approximate) | Priority 100% |
|---|---|---|---|---|
| Priority | $ -0- | Less 6% | $* | Secured 100% |
| Secured | $ 568 | Requested | | Unsecured* *% |
| Unsecured | $68,319 | Atty fee | $350 | Joint 0 % |
| Joint Debts | $ -0- | Available | $* | Co-Debts % |
| Co-Debtor | $ -0- | | | |

*See ¶5 & ¶7

Annual Review:     Yes: ( ) No: (X)
Payroll Deduction:     (X) Yes ( ) No

Objection to Confirmation:     Yes ( )   No (X)
Pending:
Resolved:

Motions Filed:    Yes ( ) No (X)
If so, indicate type and status:

Hearing Date:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:                                                                                                                              CASE NUMBER:
MYRNA J. EAKES                                                                                     08-07929-8-ATS
                                                                                                      CHAPTER 13
     DEBTOR(S)

### NOTICE OF MOTION FOR CONFIRMATION OF PLAN

John F. Logan, Chapter 13 Trustee, has filed papers with the Court to confirm the Chapter 13 Plan.

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion for Confirmation of the Plan, or if you want the Court to consider your views on the Motion, then on or before___ MARCH 31, 2009___ you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

U.S. Bankruptcy Court
Eastern District of North Carolina
PO Box 1441
Raleigh, NC 27602

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

Your must also mail a copy to the debtor(s), debtor(s) attorney, and Trustee at the following addresses:

| John F. Logan | MYRNA J. EAKES | RICHARD L. CANNON, III, |
|---|---|---|
| Chapter 13 Trustee | 5406 PICKET FENCE LANE | ESQ. |
| PO Box 61039 | RALEIGH, NC 27606 | P.O. DRAWER 8425 |
| Raleigh, NC 27661-1039 | | GREENVILLE, NC 27835 |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set, and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order confirming the plan.

DATED:__March 6, 2009_

                                                                                _/s/ John F. Logan_____
                                                                                John F. Logan, Chapter 13 Trustee
                                                                                PO Box 61039
                                                                                Raleigh, NC 27661-1039
                                                                                (919) 876-1355

## CERTIFICATE OF SERVICE

DEBTOR 1 NAME: MYRNA J. EAKES                    CASE NUMBER:  0807929
DEBTOR 2 NAME:

I <u>Robert J. Wallace, Jr.</u> certify under penalty of perjury that I have served copies of the Minutes of 341 Meeting And Motion for Confirmation of Plan and the Notice of Motion for Confirmation of Plan on the parties listed below in the manner shown on <u>03/06/2009   </u>:

Via U.S. first class mail, or by electronic service, if such interested party is an electronic filing user, pursuant to Local Rule 5005-4(9)(b):

RICHARD L. CANNON, III, PO DRAWER 8425, ATTORNEY AT LAW, GREENVILLE NC  27835 -
ARIZONA MAIL ORDER, 1103 ALLEN DR., INSTANT CREDIT DEPT., MILFORD OH  45150 -
BASS & ASSOCIATES, ATTN:  MANAGER OR REG. AGENT, 3936 E. FORT LOWELL RD STE 200, TUCSON AZ  85712-1083 -
BEDFORD/SOA, 450 WINKS LANE, 19020, BENSALEM PA  19020 -
BLAIR CATALOG, PO BOX 29185, SHAWNEE MISSION KS  66201-9185,  -
BLAIR, ATTN: MANAGING AGENT, PO BOX 659707, SAN ANTONIO TX  78265 -
CHADWICKS, PO BOX 659728, SAN ANTONIO TX  78265-9728,  -
CHASE BANK USA, N.A., ATTN:  MANAGER OR REG. AGENT, 201 N. WALNUT ST., FL. 2, WILMINGTON DE  19801-2901 -
CHASE BANK USA, N.A., c/o: CREDITORS BANKRUPTCY SERVICE, PO BOX 740933, DALLAS TX  75374 -
CHASE BANK, CHASE CARD SERVICES, 201 N. WALNUT ST., FL. 2, WILMINGTON DE  19801-2901 -
DISCOVER BANK, DFS-SERVICES, LLC, PO BOX 3025, NEW ALBANY OH  43054-3025 -
DISCOVER FINANCIAL, PO BOX 15316, WILMINGTON DE  19850,  -
ECAST, PO BOX 35480, NEWARK NJ  07193-5480,  -
FIA CARD SERVICES, 4060 OGLETOWN/STANTON RD., DE5-019-03-07, NEWARK DE  19713 -
HSBC AUTO FINANCE, PO BOX 17904, SAN DIEGO CA  92177,  -
HSBC BANK NEVADA, N.A., BASS & ASSOCIATES, P.C., 3936 E. FT. LOWELL, SUITE 200 TUCSON AZ  85712 -
HSBC/ROOMSTORE, 2700 SANDERS RD., PROSPECT IL  60070,  -
JESSICA LONDON, REPORTING, PO BOX 182746, COLUMBUS OH  43218-2746 -
KOHLS, PO BOX 3120, MILWAUKEE WI  53201,  -
MYRNA J. EAKES, 5406 PICKET FENCE LANE, RALEIGH NC  27606,  -
RETAIL SERVICES, PO BOX 7680, CAROL STREAM IL  60116-7680,  -
ROUNDUP FUNDING, LLC, MS 550, PO BOX 91121, SEATTLE WA  98111-9221 -
SEARS, PO BOX 6922, THE LAKES NV  88901-6922,  -
SEVENTH AVENUE, 1112 7TH AVENUE, MONROE WI  53566-1364,  -
SHELL/CITI, PO BOX 6033, HAGERSTOWN MD  21747,  -
SILHOUETTES, PO BOX 659465, SAN ANTONIO TX  78265-9465,  -
STATE EMPLOYEE CREDIT UNION, PO BOX 25279, RALEIGH NC  27611-5279,  -
SWISS COLONY, 1112 7TH AVENUE, MONROE WI  53566-1364,  -
TARGET NATIONAL BANK, PO BOX 9475, MINEAPOLIS MN  55440-9475,  -
TARGET NATIONAL BANK, c/o: WEINSTEIN & RILEY, PS, 2001 WESTERN AVENUE, SUITE 400 SEATTLE WA  98121 -
TARGET NATIONAL BANK, c/o: WEINSTEIN & RILEY, P.S., PO BOX 3978, SEATTLE WA  98124-3978 -
THE AVENUE, PO BOX 29185, MISSION KS  66201-9185,  -
WELLS FARGO FINANCE, 4701 CREEDMORE ROAD, SUITE 107, RALEIGH NC  27612 -
WELLS FARGO FINANCIAL NORTH CAROLINA, IN, 4137 121ST STREET, URBANDALE IA  50323,  -
WELLS FARGO HOME MORTGAGE, PO BOX 14547, DES MOINES IA  50306-3547,  -
WFNNB/CHADWICKS OF BOSTON, PO BOX 182746, COLUMBUS OH  43218,  -
WOODMEN OF THE WORLD, FIA CARD SERVICES, PO BOX 17309, BALTIMORE MD  21297 -

I certify that I have prepared the Certificate of Service and that it is true and correct to the best of my knowledge, information and belief.

Date:<u>03/06/2009</u>      Signature:  _Robert J. Wallace, Jr._____

Premium Graphics, Inc.
2099 Thomas Road, Suite 10
Memphis, TN 38134